IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARIO MELENDEZ,

       Petitioner,                     No. CIV S-07-0515 MCE EFB P

   vs.

CALY, Warden, et al.,

       Respondents.              FINDINGS AND RECOMMENDATIONS

_____/

       Petitioner is a state prisoner without counsel seeking a writ of habeas corpus. *See* 28 U.S.C. § 2254. This action proceeds on the March 16, 2007, petition. Respondents move to dismiss this action upon the ground it is untimely. Petitioner opposes, asserting that the facts giving rise to his claims were not, and could not have been, known at any time earlier than the time at which he filed his petition.

**I.    Procedural History**

       Petitioner is currently incarcerated following conviction for murdering his live-in girlfriend. Resps.' Mot. to Dism., Docs. Lodged in Supp. Thereof ("Lod. Doc.") A jury found him guilty on March 9, 1994, and petitioner was sentenced to sixteen years to life. Lod. Doc. 1 at 2. Petitioner appealed his conviction to the California Court of Appeal, Third Appellate District on March 10, 1995. Lod. Doc. 1. Petitioner's conviction was affirmed by the Third

1  Appellate District on August 1, 1995, in an unpublished decision.  Lod. Doc. 2.  Petitioner did
2  not seek review from the California Supreme Court.
3       Approximately ten years later, on November 9, 2005, petitioner filed a petition for writ of
4  habeas corpus in the San Joaquin County Superior Court.  Lod. Doc. 3.  That petition was denied
5  on January 13, 2006, in part due to unjustified delay.  Lod. Doc. 4.  Petitioner then filed a
6  petition for writ of habeas corpus with the Third Appellate District on May 5, 2006.  Lod. Doc.
7  5.  That petition was denied on May 18, 2006, also as untimely, with a citation to *In re Robbins,*
8  18 Cal.4th 770, 780-81 (1998).  Lod. Doc. 6.  Subsequently, petitioner filed a petition for writ of
9  habeas corpus with the California Supreme Court on June 9, 2006.  Lod. Doc. 7.  The California
10 Supreme Court denied the petition on January 17, 2007, citing *In re Robbins*, 18 Cal.4th at 780,
11 among other cases.  Lod. Doc. 8.  Petitioner filed the instant petition on March 16, 2007.
12 **II.**    **Standards**
13      A one-year limitation period for seeking federal habeas relief begins to run from the
14 latest of the date the judgment became final on direct review, the date on which a state-created
15 impediment to filing is removed, the date the United States Supreme Court makes a new rule
16 retroactively applicable to cases on collateral review or the date on which the factual predicate of
17 a claim could have been discovered through the exercise of due diligence.  28 U.S.C.
18 § 2244(d)(1).  The judgment on direct review becomes final when the 90-day limit for filing a
19 petition for certiorari expires.  *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999).  The period is
20 not tolled "from the time a final decision is issued on direct state appeal [to] the time the first
21 state collateral challenge is filed."  *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999).  The
22 period is tolled once a petitioner properly files a state post conviction application, and remains
23 tolled for the entire time that application is "pending."  28 U.S.C. § 2244(d)(2).  In California, a
24 properly filed post conviction application is "pending" during the intervals between a lower
25 court decision and filing a new petition in a higher court.  *Carey v. Saffold*, 536 U.S. 214, 223
26 (2002).  A federal habeas application does not toll the limitations period under 28 U.S.C. §

2244(d)(2). *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

A court may grant equitable tolling when "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Calderon v. United States District Court (Kelly)*, 163 F.3d 530, 541 (9th Cir. 1998) (en banc). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999). These circumstances must actually cause the untimeliness. *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003).

Petitioner has the burden of showing facts entitling him to statutory and to equitable tolling. *Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir. 2002); *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002).

### III. Analysis

The state court judgment affirming petitioner's conviction on appeal was entered on August 1, 1995. Lod. Doc. 2. That appellate decision became final under state rules thirty days later on August 31, 1995. Rule 8.264(b)(1), California Rules of Court. Thereafter, petitioner had another ten days past the finality of the appellate opinion, or until September 10, 1995, to seek further review in the California Supreme Court. Rule 8.500(e), California Rules of Court.

Petitioner sought no further review until, on November 9, 2005, he sought state collateral review of the judgment in the San Joaquin County Superior Court. Lod. Doc. 3. The superior court denied the petition, finding that petitioner provided no explanation for the more than 10-year delay in seeking collateral review. Lod. Doc. 4. Petitioner's subsequent petition to the appellate court was also denied as untimely. Lod. Doc. 5. The California Supreme Court also found petitioner's application in that court to be untimely, citing to *In re Robbins*, 18 Cal.4th at 780 in its denial. Lod. Doc. 8.

Thus, respondents contend, petitioner had until April 24, 1997, within which to file his federal petition collaterally challenging his 1995 state conviction. Petitioner neither filed a

1  timely federal petition nor filed any state challenges that would have tolled the statute of
2  limitations.  Only a "properly filed" state post-conviction application can toll the one-year
3  limitations period.  28 U.S.C. § 2244(d)(2).  And because state collateral review does not revive
4  or restart the one-year period, there is no tolling when the first state post-conviction application
5  is not filed until after the statute has expired. *Laws v. La Marque*, 351 F.3d 919, 922 (9th Cir.
6  2003); *Green v. White*, 223 F.3d 1001 (9th Cir. 2000).

   Here, petitioner missed his April 1997 deadline by nearly a decade when he filed his March 2007 petition with this court. Further, none of the state collateral challenges in any way affected that deadline.  The earliest, filed on November 9, 2005, was presented several years after the statute of limitations had expired.  Further, petitioner offered no explanation for his long delay.

   Accordingly, it is hereby RECOMMENDED that respondents' August 16, 2007, motion to dismiss the petition as untimely be granted and the Clerk of the Court be directed to close this case.

   These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:  February 25, 2008.

/s/ Edmund F. Brennan

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE